**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4716**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ORVILLE RICHARDS, a/k/a James Ray,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (5:06-cr-00192-F)

_____

Submitted: May 30, 2008              Decided: July 8, 2008

_____

Before MICHAEL and KING, Circuit Judges, and WILKINS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Richard Croutharmel, Raleigh, North Carolina, for Appellant.  Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Orville Richards pled guilty to conspiracy to make false statements to gun dealers in connection with the acquisition of firearms, in violation of 18 U.S.C. § 371 (2000). He was sentenced to sixty months in prison. Richards now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising three issues but stating that there do not appear to be any meritorious issues for appeal. Richards has filed a pro se supplemental brief raising additional issues. Finding no reversible error, we affirm.

I

Richards contends that his guilty plea was not voluntarily and knowingly entered. Our review of the transcript of his arraignment discloses that the proceeding was properly conducted under Fed. R. Crim. P. 11. This "raise[s] a strong presumption that the plea is final and binding." See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). Further, a defendant's declarations during the plea colloquy "carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Richards represented at his Rule 11 hearing that he was entering his plea freely and voluntarily with a full understanding

of the charges against him, the penalties he faced, the rights he waived by pleading guilty, and the applicability of the sentencing guidelines and the statutory factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). When he entered his plea, Richards was twenty-seven and had completed both high school and technical school. He informed the court that a summary of the plea agreement that was read into the record was correct. Richards admitted that he had committed the offense and was guilty as charged. Finally, Richards expressed his satisfaction with his attorney's services. Under these circumstances, we conclude that the plea was both knowing and voluntary.

II

Richards asserts that the district court failed to properly inquire about his waiver of his appellate rights. We note first that this claim is moot because the Government did not seek enforcement of the waiver, and all issues raised in the appellate briefs are addressed in this opinion. In any event, our review of the transcript of the Rule 11 proceeding discloses that the district court sufficiently explored Richards' understanding of the waiver.

III

In his pro se brief, Richards states that the Government stipulated in the plea agreement that he was entitled to a three-level downward adjustment based on his acceptance of responsibility. See U.S. Sentencing Guidelines Manual § 3E1.1 (2005). At sentencing, however, the Government did not argue in favor of this adjustment, which Richards did not receive. Richards contends that the Government thus breached the agreement.

Although the Government did stipulate that Richards was entitled to the adjustment, the plea agreement also stated that the stipulation was "not binding on the Court in its application of the advisory Guideline range," and noted "that if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factor, the United States is no longer bound to its position as to that factor." Richards' probation officer reported that Richards had not accepted responsibility, and the district court found that he was not entitled to the adjustment. The Government therefore did not breach the plea agreement.

IV

Although Richards contends that the district court exhibited bias against him at sentencing, our review of the sentencing transcript shows no bias. The district judge made no comment that would suggest "an apparent disposition toward a party

-4-

that is wrongful or inappropriate."  See United States v. Gordon, 61 F.3d 263, 267 (4th Cir. 1995).  The fact that the court ruled against Richards with respect to several sentencing matters does not demonstrate bias.  See Liteky v. United States, 510 U.S. 540, 555 (1994) (stating judicial rulings rarely "evidence the degree of favoritism or antagonism required [to make fair judgment impossible] when no extrajudicial source is involved").

V

Counsel states that Richards believes the prosecutor withheld taped recordings of telephone conversations, in violation of Brady v. Maryland, 373 U.S. 83 (1963).  Under Brady, the Government has a responsibility to disclose evidence favorable to the accused when the evidence is material to guilt or punishment. Id. at 87; Monroe v. Angelone, 323 F.3d 286, 299 (4th Cir. 2003). To obtain relief under Brady, a defendant must show that: (1) the evidence is favorable to the defendant; (2) the Government suppressed the evidence; and (3) the documents subject to disclosure exist and were not disclosed.

Richards' claim lacks merit.  First, Richards did not substantiate that the recordings exist.  Even if they do exist and are exculpatory, however, the prosecution's failure to disclose them is not reversible error.  The failure to disclose Brady evidence prior to a guilty plea does not establish a constitutional

violation because impeachment information is a safeguard for a fair trial, not a plea. United States v. Ruiz, 536 U.S. 622, 633 (2002). Further, under Tollett v. Henderson, 411 U.S. 258, 267 (1973), Richards' valid guilty plea waives this claimed nonjurisdictional defect.

VI

Richards contends that trial counsel was ineffective because he did not properly review all the evidence before advising Richards to plead guilty and because counsel coerced the guilty plea. We note that the latter claim is at odds with Richards' solemn statements at arraignment that his guilty plea was freely and voluntarily entered. In any event, to allow for adequate development of the record, a defendant must ordinarily bring a claim of ineffective assistance in a 28 U.S.C. § 2255 (2000) motion, unless ineffectiveness conclusively appears on the face of the record. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Our review of the record does not disclose ineffectiveness.

VII

We have examined the entire record in this case in accordance with the requirements of Anders, and we find no meritorious issues for appeal. Accordingly, we affirm. This court

-6-

requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED